UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMIE A. LEZAMA, | : | |
| | : | Civil Action No. 13-2059 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OSCAR AVILES et al., | : | |
| | : | |
| Respondents. | : | April 10, 2013 |

Petitioner Jamie A. Lezama ("Petitioner"), a pre-removal-order alien detainee, filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention.  See Docket Entry No. 1.  Petitioner asserts being unlawfully held in custody as a result of Respondents' erroneous interpretation of the mandatory detention provision contained in § 236(c) of the Immigration and Nationality Act ("INA"), codified as 8 U.S.C. § 1226(c).[1]

At this juncture, the case law accumulated at the district court level of this Circuit is inconclusive as to the issue raised by Petitioner.  Compare, e.g., Kerr v. Elwood, 2012 U.S. Dist. LEXIS 160250 (D.N.J. Nov. 8, 2012); Charles v. Shanahan, 2012 U.S. Dist. LEXIS 145072 (D.N.J. Oct. 9, 2012); Kporlor v. Hendricks, 2012 U.S. Dist. LEXIS 145387 (D.N.J. Oct. 9, 2012); Campbell v. Elwood, 2012 U.S. Dist. LEXIS 139203 (D.N.J. Sept. 27, 2012), with, e.g., Espinoza-Loor v. Holder, 2012 U.S. Dist. LEXIS 91307 (D.N.J. July 2, 2012); Diaz v. Muller, 2011 U.S. Dist. LEXIS 85971 (D.N.J. Aug. 4, 2011); Desrosiers v. Hendricks, No. 11-4643, 2011 U.S. Dist. LEXIS 154971 (D.N.J.

---

[1] Because the only proper respondent to a petition for a writ of habeas corpus is the warden of the facility where the prisoner is being held, the Petition will be dismissed as to all Respondents except for the warden.  See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'")

Dec. 30, 2011). Non-frivolous arguments have been offered by both sides. See, e.g., Martinez v. Muller, 2012 U.S. Dist. LEXIS 138476, at *16 (D.N.J. Sept. 25, 2012) (granting writ but noting that "the arguments that Respondents have advanced in response to the instant petition are not meritless"); Burns v. Weber, 2010 U.S. Dist. LEXIS 3756, at *19 (D.N.J. Jan. 19, 2010) ("The fact that [some courts have] disagreed with the BIA's interpretation of the relevant statute does not render Respondents' position in this matter substantially unjustified"); Hyung Woo Park v. Hendricks, 2009 U.S. Dist. LEXIS 106153, at *20 (D.N.J. Nov. 12, 2009) (same).

Case law accumulated at the circuit level suggests that Petitioner's challenges may lack merit. While the First Circuit noted, in dictum, that such challenges may merit habeas relief, see Saysana v. Gillen, 590 F.3d 7, 13 (1st Cir. 2009) (observing, albeit in a different context, that "[t]he statutory language embodies the judgment of Congress that such an individual should not be returned to the community pending disposition of his removal proceedings"), the Fourth Circuit held that the "when the alien is released" language was ambiguous, and found that detention pursuant to § 1226(c) does not require the Government to act immediately upon a criminal alien's release. See Hosh v. Lucero, 680 F.3d 375, 384 (4th Cir. 2012) (concluding "that the BIA's interpretation of § 1226(c) . . . was reasonable, and must be accorded deference").

The Third Circuit has yet to rule on the interpretation of the mandatory detention statute. In fact, the issue of how the "when the alien is released" language of § 1226(c) should be interpreted is currently pending before the Third Circuit. See Sylvain v. Holder, U.S.C.A. Index No. 11-3357 (3d Cir. docketed Aug. 31, 2011).[2]

---

[2] Oral arguments in Sylvain v. Holder, U.S.C.A. Index No. 11-3357, were held on March 19, 2013.

Because conclusive appellate guidance as to the issues raised in the Petition appears forthcoming, this Court finds it prudent to stay the proceedings at bar in order to allow Petitioner an opportunity to: (a) assess the Third Circuit's decision once it is entered; and (b) amend his Petition accordingly, if Petitioner so elects.

An appropriate Order follows.

s/Susan D. Wigenton_____
**Susan D. Wigenton,**
**United States District Judge**
